1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JAMES CORNN, ERIC DUVOE, KIM MARCHANT, individually, and on behalf of all other similarly situated current and former employees of UPS,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendants. | CASE NO. C 03 2001 TEH<br><br>[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT PAYMENTS. |
| JOHN DESPRES, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICES, INC.,<br><br>Defendants. | CASE NO. C 03 2987 ~~CW~~ TEH |

1  On April 9, 2007 at 10:00 a.m., the Court heard Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement, Plan of Distribution, Award of Attorneys' Fees, Reimbursement of Costs and Service Award for Representative Plaintiffs. Plaintiffs' motion was granted by minute order filed on April 9, 2007 (Docket No. 285). The motion for final approval was preceded by a motion for preliminary approval, which was submitted to the Court for review and approval on December 1, 2006, with preliminary approval having been granted by order dated December 8, 2006 (Docket No. 268).

After considering Plaintiffs' Motion for Final Approval, the Settlement Agreement, the record and proceedings herein, the Court finds, concludes, and hereby orders as follows:

1.  For the purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement, previously filed with this Court on December 1, 2006.[1] This includes the following definition of the Settlement Class:

> All hourly California employees of Untied Parcel Service, Inc. ("UPS") whose job responsibilities during the period February 6, 1999 to December 8, 2006, included delivering or moving packages by driving on road ("Class" or "Class Members"). This includes all drivers designated by UPS as package-car or feeder drivers, as well as combination drivers and utility drivers whose job responsibilities included those of package-car or feeder drivers.

2.  Having previously certified a litigation class and appointed class counsel by Order dated March 14, 2005, and having preliminarily certified a Settlement Class, the Court now grants final approval to the Settlement Class as defined above, finally approves the appointment of James Cornn, Eric Duvoe, Kim Marchant, and John Despres as representatives of the Settlement Class and finally designates and appoints Kershaw Cutter & Ratinoff, LLP, York Law Corporation, and Scott Cole & Associates, APC as counsel for the Settlement Class ("Class Counsel").

---

[1] The Settlement Agreement is attached as Exhibit A to the Declaration of William A. Kershaw in Support of Motion for Order (1) Preliminarily Approving Class Action Settlement; (2) Provisionally Certifying Settlement Class; (3) Approving Class Notice, Claim Form and Request for Exclusion Procedure; (4) Directing Dissemination of Class Notice; and (5) Setting Hearing for Final Approval of the Settlement (Docket No. 266).

3. The Court finds that that the distribution of Notice of the Class Action Settlement as provided by the Settlement Agreement, and as ordered by this Court upon preliminary approval, constitutes the best notice practicable under the circumstances and fully meets the requirements of due process.

4. The Court finds that the Settlement, which obligates Defendant to pay $87,000,000 without any reversion to Defendant, and to incur the additional expenses of paying for claims administration (to the extent claims administration expenses are not completely deferred by interest income of the Qualified Settlement Fund established pursuant to Paragraph 14, below), and paying the employer taxes on a portion of the Settlement, all as set forth in greater detail in the Settlement Agreement, is fair, reasonable and adequate. It is also noted that, although it is not a part of the Settlement itself, UPS has apparently changed some of its policies in response to this litigation.

5. The Court finds that after notice, and an opportunity to object, no Class Member objected to the Settlement. Only 63 Class Members, out of a Settlement Class of over 23,640, or less than three tenths of one percent of the Class, have requested exclusion from the Settlement. Of the amount of the Settlement available for distribution, claims to date have been submitted and approved for approximately 94% of the common Settlement fund. Accordingly, the Court finds that the Class views the Settlement favorably.

6. The Court finds that the plan of distribution, as provided for in the Settlement Agreement, and as implemented pursuant to this Court's order of preliminary approval, is a fair, reasonable and adequate method for distributing benefits. The Settlement treats all Class Members equally. Unclaimed funds, if any remain after the claims process is completed, shall be paid *cy pres* equally to the San Francisco and Los Angeles Food Banks, as provided by the Settlement Agreement.

7. The Court finds that Settlement followed a lengthy period of contested litigation and appears to be the result of an arms-length negotiation and not the product of fraud or overreaching by, or collusion between, the parties to this litigation. After considering the Defendant's exposure, the Plaintiffs' likelihood of success on their claims, the risks, expense and

delays associated with further litigation, the Court finds that the Settlement is fair, reasonable, adequate and in the best interests of the Class. The Settlement comports fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, the Court hereby grants final approval of the Settlement and all of the terms of the Settlement Agreement. Plaintiffs and Defendant are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

8. Class Counsel have jointly moved for an award of attorneys' fees equal to 25% of the $87,000,000 common fund, which amounts to $21,750,000. The Court finds that Class Counsel have skillfully advanced the case on a contingent basis for more than four years, and that their efforts will result in substantial payment to the Class. Class Counsel is obligated to provide additional service to the Class by the terms of the Settlement Agreement. This case, which resulted in a definite and ascertainable cash common fund, is of the type that allows for the award of percentage fees consistent with Ninth Circuit and other legal authority. No class member has objected to the proposed fee award and the Court finds no unusual circumstances to warrant departure from the Ninth Circuit's 25% fee benchmark. The requested attorneys' fees, while large, are reasonable under the circumstances and are hereby awarded in the amount requested.

9. The Court further finds that reimbursement of Class Counsel's expenses in the amount of $319,577.67 were reasonably incurred in prosecuting this case. Accordingly, the Court grants Class Counsel's request for litigation expenses, as modified in response to this Court's Order of March 16, 2007, in the amount of $319,577.67.

10. The attorneys' fees and expense awards noted in the preceding Paragraphs shall be paid to Class Counsel. Upon payment to Class Counsel, UPS, the Released Parties, UPS's Counsel, and the Claims Administrator shall have no further liability or responsibility to Class Counsel, or any vendors or third parties employed by Plaintiffs or Class Counsel for attorneys fees, expenses, and/or costs incurred by the Class Counsel on behalf of Plaintiffs in this Action.

11. Plaintiffs have also moved for an award of enhancement payments of $25,000 each to James Cornn, Eric Duvoe and Kim Marchant and for an award of $15,000 for John Despres. The active involvement of the named plaintiffs and their service to the Class justifies the request

for enhanced awards, which are fair and reasonable. No Class Member has objected to the proposed service awards and the payments are not in conflict with the interests of the Class. Accordingly, the Court grants Plaintiffs' request for enhanced awards to the class representatives.

12. The fees, costs, and enhancement payments described in Paragraphs 8-11 above will be paid from the common fund, leaving a total of $64,840,422.33 to be distributed to the Class and the *cy pres* beneficiaries. UPS shall have no payment obligation except as specifically noted in this Order.

13. The Settlement Agreement is not a concession or admission, and shall not be used against UPS or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by UPS or any of the Released Parties.

14. The Settlement provides that a Qualified Settlement Fund ("QSF") may be established, and is hereby ordered to be established, as defined in and in accordance with the U.S. Internal Revenue Code of 1986, as amended. The QSF will satisfy the requirements of Treas. Reg. Section 1.468B-1 because it (a) is established by approval of this Court, (b) resolves and satisfies one or more qualifying claims, and (c) the settlement payments not paid directly by UPS to payees under the Agreement are hereby ordered to be deposited and maintained in a segregated escrow account for purposes of distribution, all as contemplated by the terms of the Settlement. Rust Consulting Inc., the Claims Administrator, shall make disbursements from the QSF for settlement payments, fees, costs and/or enhancements in lump sum amounts or in partial or periodic payments, as it deems appropriate to fulfill its duties under the Settlement Agreement. UPS may make certain payments under the Settlement directly to payees under the Agreement and to provide the balance of funds to the QSF for distribution.

15. The Settlement Agreement provides for a release of settled claims. That release – as defined in the Settlement Agreement – is valid and binding and is specifically adopted and made a part of this order.

16. This action is dismissed with prejudice, and all members of the Settlement Class who did not timely and adequately opt-out of the Settlement are permanently banned from prosecuting against UPS or any of the Released Parties (as defined in the Settlement Agreement)

1  class claims that were or could have been asserted in this action and which are released pursuant
2  to the release provisions in the Settlement Agreement.
3
4
5  IT IS SO ORDERED:
6
7  Date: _____04/17/07_____
8                                                HENDERSON
9                                       UNITED STATES DISTRICT COURT JUDGE
10
11  APPROVED AS TO FORM:
12
13  Date: 4/16/07                    KERSHAW, CUTTER & RATINOFF, LLP
14
15                                   _____William F. Kershaw_____
16
17
18  Date: 4/16/07                    PAUL HASTINGS, JANOFSKY & WALKER LLP
19
20                                   _____
21